OLIVER H. BISHOP, RESPONDENT, v. CHARLES M. ALCOTT, APPELLANT.

*Guaranty—construction of.*

To induce the plaintiff, a ship-builder, to build a schooner for the defendant and others, and to receive a one-sixteenth interest therein, in payment for his services, the defendant covenanted and agreed with the plaintiff that the said one-sixteenth part of the schooner should pay to him "a dividend

to the amount of not less than twenty-five per cent. per annum, and as much more as said schooner shall pay over twenty-five per cent. on her cost, clear of her bills," unless some serious accident should occur.

*Held*, that the agreement amounted to a guaranty on the part of the defendant that the earnings of the schooner in each year should amount to twenty-five per cent. of her cost, and that the covenant to pay the same to the plaintiff was subject to the implied warranty that he should continue to own his share in the schooner, and that the defendant's liability thereunder ceased upon the plaintiff parting therewith.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

On January 24, 1872, at New York city, the plaintiff and defendant entered into an agreement under their hands and seals, of which the following is a copy:

" Memorandum of agreement made and entered into this 24th day of January, 1872, between C. W. Alcott, of the City, County and State of New York, and O. H. Bishop, of Greenport, Long Island, and State of New York:

" Witnesseth that said Alcott doth covenant and agree with the said Bishop that the one-sixteenth part of the schooner that he is to build for said Alcott and others shall pay to said Bishop a dividend to the amount of not less than twenty-five per cent. per annum, and as much more as said schooner shall pay over twenty-five per cent. on her cost, clear of her bills, unless some serious accident shall occur, in which case said Bishop shall pay his part of such accident; also the time necessary to repair the same to be deducted from the running time.

" Said agreement, as above specified, to be in force for the space of two years from the time said schooner starts on her first regular voyage.

" Said Bishop further agrees, and hereby gives the said Alcott the privilege to purchase from said Bishop the one-sixteenth part above referred to on the completion of above-described schooner, providing said Bishop has not disposed of the one-sixteenth part at that time, for the sum of her contract cost, and the said Bishop further agrees

not to sell the above schooner to no one without giving Alcott the refusal of her for the space of sixty days.

"In witness whereof we have hereunto set our hands and seals the day and year first above written.

"C. W. ALCOTT, [L. S.]

"O. H. BISHOP, [L. S.]"

The plaintiff is, and was, at the time of the making of the said agreement, a shipwright, doing business at Greenport, in this State, and had agreed to construct the said schooner and receive the said interest therein in payment for his services in so doing, in reliance upon the foregoing agreement, and thereafter did so construct it. The plaintiff alleged "that said schooner, since she started on her first regular voyage, has paid the plaintiff only $756.64, to wit: $399.15 for the first year and $357.49 for the second year, being about 19½ per cent. per annum for the first year and 17½ per cent. per annum for the second year, and that there is now due the plaintiff, on and by virtue of said agreement, $260.45, with interest on the sum of $109.40 from the 6th day of May, 1874, and with interest on the sum of $151.5 from the 6th day of May, 1875."

Upon the trial it appeared that the plaintiff had, before the commencement of the action, parted, by partial sales made at different times, with all his interest in the vessel, and the defendant claimed that he was thereby released from all liability under the contract, or in any event only liable to pay twenty-five per cent. upon such portion of the said one-sixteenth interest, and for such lengths of time as the plaintiff continued to hold it or any portion thereof.

*Warren G. Brown*, for the appellant.

*Payne & Benjamin*, for the respondent.

GILBERT, J.:

The object which is to be arrived at in interpreting a contract, is to discover and give effect to the intention of the parties to it. Taking into consideration the circumstances which surrounded the parties to the contract before us, at the time it was made, little doubt of their intention can arise. The plaintiff is a ship-builder

He undertook to build a schooner for the defendant, and others, and agreed to receive a one-sixteenth share of the schooner, in payment for his services. To induce him to make that agreement, the defendant covenanted that the said one-sixteenth part of the said schooner should pay to the plaintiff a dividend to the amount of not less than twenty-five per cent. per annum, and as much more as said schooner should pay over twenty-five per cent. on her cost, clear of her bills, unless, &c., &c. I am of opinion that this language imports a guaranty that the earnings of the schooner in each year shall amount to twenty-five per cent. of her cost, and that the covenant to pay the same to him is subject to a condition, necessarily implied, of his continued ownership of his share. Earnings of a vessel are an incident of ownership, and the only conceivable purpose of the covenant was to guaranty that the share of the plaintiff should produce the amount of earnings stipulated. It is inconceivable that the defendant could have intended to incur, after the plaintiff had ceased to own his share, the double obligation of paying to the plaintiff the stipulated amount of the earnings of the schooner, and of paying to his transferee the portion thereof which would belong to the latter by virtue of his ownership of such share. A construction, which would work such an unconscionable result, ought to be rejected.

The judgment and order denying a new trial must be reversed, and a new trial must be granted, with costs to abide the event.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.